SPARKS ET AL., APPELLANTS, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Sparks v. Pub. Util. Comm. (1982),
69 Ohio St. 2d 47.]

(No. 81-558—Decided January 20, 1982.)

48

Mr. Robert D. Marotta, for appellants.

Mr. William J. Brown, attorney general, Mr. Marvin I. Resnik and Ms. Phyllis J. Culp, for appellee.

Per Curiam. Appellants contend that the order of the commission, determining the approved tariff takes precedence over the restrictive covenant, is unreasonable and unlawful. We disagree.

R. C. 4905.04 grants a general supervisory power over public utilities to the commission: "The public utilities commission is hereby vested with the power and jurisdiction to supervise and regulate public utilities * * * ." R. C. 4905.31 specifies the scope of the commission's supervisory powers:

" * * * Chapters 4901, 4903, 4905, 4907, 4909, 4921 and 4923 of the Revised Code do not prohibit a public utility from filing a schedule or entering into any reasonable arrangement * * * with its customers * * * providing for:
" * * *

"(E) Any other financial device that may be practicable or advantageous to the parties interested. No such * * * device is lawful unless it is filed with and approved by the public utilities commission.
" * * *

"Every such * * * device shall be under the supervision and regulation of the commission, and is *subject to change, alteration, or modification by the commission.*" (Emphasis added.)

In *Mohawk Utilities* v. *Pub. Util. Comm.* (1974), 37 Ohio St. 2d 47, this court held in paragraph two of the syllabus, that the commission has jurisdiction to review a water-availability charge assessed by a utility company pursuant to a contract for the sale of land. We face the identical situation here.

Choctaw Utilities, Inc. filed an application in 1976 for a new tariff rate. The commission reviewed the matter, including the water-availability charges, and in approving the tariff, concluded that the charge should be assessed against all lots regardless of ownership.

Appellants contend that the contractual provision regarding water-availability charges takes precedence over the approved tariff. The commission, however, was not a party to the contract, and is not bound by its terms. As we stated in *Mohawk Utilities, supra,* at page 52: " * * * [t]he contractual obligation to provide water service, as well as the actual delivery of the water service, directly affects the utility's ability to function as a utility, and, hence, are subject to the commission's jurisdiction, as provided in R. C. 4905.04."

We further conclude that the charge in question is a "financial device" within the meaning of R. C. 4905.31(E). The commission's jurisdiction, therefore, includes the power to change, alter, or modify the water-availability charge, as is practicable or advantageous to the parties interested.

The commission concluded that the charge should be assessed on a uniform basis. That determination necessarily takes precedence over the original contractual provisions agreed to by purchaser and landowner. To hold otherwise would improperly reduce the plenary jurisdiction granted the commission over public utilities.

Therefore the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.