LAKESIDE UTILITIES CORPORATION, APPELLEE, *v.* BARNUM, APPELLANT.

[Cite as Lakeside Utilities Corp. *v.* Barnum (1983), 5 Ohio St. 3d 99.]

(No. 82-824—Decided June 1, 1983.)

---

[1] *Lakeside Utilities Corp.* v. *Thome* (Dec. 20, 1979), Cuyahoga App. Nos. 40391 and 40463, unreported.

*Weltman, Weinberg & Associates Co., L.P.A.,* and *Mr. Larry R. Rothenberg,* for appellee.

*Messrs. Webb & Difabio* and *Mr. John J. Luce,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Phyllis J. Culp,* for *amicus curiae,* Public Utilities Commission of Ohio.

*Per Curiam.* With his first proposition of law, appellant does not directly challenge the judgment of the courts below. Rather, he contends that the trial court improperly reached its decision by impermissively relying on an unreported opinion of the Court of Appeals for Cuyahoga County. Appellant asserts that this is forbidden by R.C. 2503.20.[2] However, appellant also challenges the substance of the trial court's decision itself. Since we address this latter contention, the question of the reliance by the trial court upon an unreported appellate decision becomes moot. Consequently, we do not address it, and we turn to the merits of this appeal.

It is not appellant's position that his property is not encumbered by the utilities covenant, nor is it his position that the amount of the water and sewer availability fee is excessive or unreasonable. Rather, appellant argues that enforcement by a utility company of a covenant imposing water and sewer charges will not be granted against nonusers of such systems unless the covenant specifically provides that such charges are availability charges which are due regardless of any connection and use. Further, appellant asserts that a fair interpretation of the present covenant leads to a conclusion, contrary to that of the courts below, that the covenant imposes a connection fee.[3]

In *Forest Hills Util. Co.* v. *Pub. Util. Comm.* (1972), 31 Ohio St. 2d 46 [60 O.O.2d 32], this court held, at paragraph ten of the syllabus:

"The assessment by the Public Utilities Commission of an availability fee charged against nonusers of a water and sewer system utility, who are not connected to these systems but to whom such service is available, is unreasonable and unlawful."

This holding was modified in *Mohawk Utilities* v. *Pub. Util. Comm.* (1974), 37 Ohio St. 2d 47 [68 O.O.2d 1], where we said, at paragraph one of the syllabus:

"A restrictive covenant in a contract for the sale of land, assessing a water-availability charge, is not, per se, contrary to law. (*Forest Hills Util. Co.* v. *Pub. Util. Comm.,* 31 Ohio St. 2d 46 [60 O.O.2d 32], distinguished.)"

---

[2] R.C. 2503.20 provides that unless reported in accordance with that section, no court of appeals opinion, "[s]hall be recognized by and receive the official sanction of any court."

[3] The Public Utilities Commission of Ohio has filed an amicus brief, obliquely suggesting that its jurisdiction may be implicated. Here, we are called upon to interpret the covenant. We must decide what event causes a fee to be imposed by the covenant. No question relating to the reasonableness of those charges is raised. Compare *Sparks* v. *Pub. Util. Comm.* (1982), 69 Ohio St. 2d 47 [23 O.O.3d 87]. Consequently, the commission's authority to establish rates is not involved.

Hence, we turn to the utilities covenant to determine whether it imposes an availability fee. The pertinent language of the covenant requires any purchaser to pay a fee, "the first month after a connection from the water distribution line is made to the purchaser's lot * * *."[4]

From this language, it becomes apparent that the utilities covenant does not require a connection between the water distribution line and a purchaser's plumbing prior to the imposition of a fee. The event which triggers this fee is the making of a connection between a purchaser's lot and the water distribution system.[5]

Turning to the question of whether such a connection has been made to appellant's lots, the stipulation of facts reveals:

"5. A main water distribution line runs past each of Defendant's lots, either across the street from the lot or actually through the front of the lot. Where it is across the street, there is also a lateral line running from across the street to the lot with a ¾" female curb cock on the end of it. Where the main runs through the front of the lot, a short lateral extends into the lot from the main, with a ¾" female curb cock on the end of it.

"6. To obtain water service for a structure on a lot, a lot owner must connect a pipe line with a male end from the structure to the lateral line with the female curb cock.

"7. A main sewer collection line runs past each of Defendant's lots, either across the street from the lot or through the front of the lot. Where it is across the street, there is also a lateral line running from across the street to the lot with a 4" stub end with cap on the end of it. Where the main runs through the front of the lot, it has a 4" stub end with cap in the main itself for that lot.

"8. To obtain sewer service for a structure on a lot, a lot owner must connect a sewer line with a Fernco coupling from the structure to the 4" stub (after removing cap) in the lateral or main line."

Based upon the stipulation, we conclude that a connection had been made between each of appellant's lots and the water and sewer system. Therefore, we agree with the courts below that appellant is liable for a water and sewer availability fee.

Lastly, appellant argues that the water availability fee is not supported by consideration. In this regard, appellant argues that he is required to pay an annual fee for water and sewer services even though he does not use them. However, this argument misperceives the nature of the bargain con-

---

[4] That portion of the covenant relating to a fee for water is not materially different from that relating to a sewer service fee. So, our determination that the covenant imposes a water availability fee would, in like manner, also impose one for sewer service.

[5] Appellant argues that as a consequence of the difference between the utilities covenant here and that in *Mohawk Utilities* v. *Pub. Util. Comm., supra,* it is not proper to impose a fee here. This argument is meritless, for the issue here is not whether the language of the present covenant tracks that in *Mohawk Utilities.* Rather, the issue is whether this covenant imposes an availability fee.

tained in the covenant. Under the covenant, the seller, or in this case its assignee, promises to install water distribution and sewer lines to serve the lots. This is in exchange for appellant's promise to pay an annual fee when the service becomes available. Consequently, appellant's promise is supported by consideration.[6]

Thus, having addressed each of appellant's propositions of law, we conclude that the courts below correctly resolved this dispute. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., WHITESIDE, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting for W. BROWN, J.

---

[6] See, generally, 1 Restatement of Contracts 2d (1932) 172, Section 71; Corbin, Contracts (1975) 160, Sections 109-123; 1 Williston, Contracts (1957 Ed.) 366, Sections 99-103.