[Cite as *Whitehead v. Skillman Corp.*, 2014-Ohio-4893.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

MATTHEW WHITEHEAD, : 

    Plaintiff-Appellant, : 

    - vs - : 

SKILLMAN CORPORATION, et al., : 

    Defendants-Appellees. : 

CASE NO. CA2014-03-061

O P I N I O N
11/3/2014

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-03-0909

O'Connor, Acciani & Levy LPA, Michael D. Weisensel, 2200 Kroger Building, 1014 Vine Street, Cincinnati, Ohio 45202, for plaintiff-appellant

Matthew R. Skinner, P.O. Box 145496, Cincinnati, Ohio 45250, for defendant-appellee, Ferguson Construction Co.

**M. POWELL, J.**

{¶ 1}  Plaintiff-appellant, Matthew Whitehead, appeals from a decision in the Butler County Court of Common Pleas granting judgment on the pleadings to defendant-appellee, Ferguson Construction Company (Ferguson).[1]  For the reasons outlined below, we affirm the decision of the trial court.

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

{¶ 2} On March 2, 2012, Whitehead filed a complaint alleging that he was injured on or about May 23, 2011 while he was working on a construction project for a local school district. Whitehead named the Skillman Corporation (Skillman), the company directing the project, as a defendant. In addition to naming Skillman, Whitehead named defendants John Doe Nos. 1 through 20. In naming the John Doe defendants, Whitehead stated that they were individuals or entities "whose identities could not be ascertained prior to the filing of this Complaint despite the due diligence of [Whitehead]." Whitehead later substituted Ferguson for John Doe No. 1 alleging that Ferguson created the hazard that resulted in his injury. After being added as a defendant, Ferguson was served with the complaint on October 17, 2013.

{¶ 3} On November 18, 2013, Ferguson filed an answer along with a motion for judgment on the pleadings. Ferguson argued that the two-year statute of limitations for a personal injury claim had run, and thus the claim was improper. The trial court granted Ferguson's motion for judgment on the pleadings. By considering its docket, the trial court determined that Ferguson was served with the summons and complaint on October 17, 2013 and found that Whitehead named Ferguson as a defendant outside of the statute of limitations and failed to serve Ferguson within one year of the filing of the original complaint.

{¶ 4} Whitehead now appeals, asserting a single assignment of error for review:

{¶ 5} THE TRIAL COURT COMMITTED ERROR IN GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF FERGUSON CONSTRUCTION COMPANY.

{¶ 6} Whitehead argues that the trial court should not have granted Ferguson judgment on the pleadings. Whitehead contends that it was impossible for the trial court to determine whether Ferguson was timely included in the case by merely considering the complaint and answer. It is undisputed that in order to determine when and how Ferguson was served, the court had to look outside of the pleadings to the records of the clerk of courts. If we find that it was proper for the trial court to consider the date Ferguson was

served by consulting its docket, Whitehead argues that his personal injury claim against Ferguson was not outside of the statute of limitations because the claim relates back to the date of the filing of the original complaint pursuant to Civ.R. 15(C).

{¶ 7} A trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings is reviewed by an appellate court de novo. *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 6. Pursuant to Civ.R. 12(C), a judgment on the pleadings is appropriate if the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. In ruling on the Civ.R. 12(C) motion, the court construes as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Corporex Dev. & Constr. Mgt., Inc. v. Shook*, 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 2. Civ.R. 12(C) motions are specifically for resolving questions of law. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581. "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Golden* at ¶ 3, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161 (1973).

{¶ 8} The Ohio Supreme Court has held that "[i]t is axiomatic that a trial court may take judicial notice of its own docket." *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994). In the context of a Civ.R. 12(B)(6) motion, which must be judged only considering the face of the complaint, we have held that a court may take judicial notice of the court proceedings in the immediate case. *See Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 18 (12th Dist.); *see also Anetomang v. OKI Sys. Ltd.*, 10th Dist. Franklin No. 10AP-1182, 2012-Ohio-822. Consequently, it was proper for the trial court to take judicial notice of its docket in the immediate case in the context of a Civ.R. 12(C) motion to determine when and how Ferguson was served with the complaint and summons.

{¶ 9}   To avoid the time bar of an applicable statute of limitations when determining whether a formerly unknown or fictitious defendant who is now known has been properly served, Civ.R. 15(C), (D), and 3(A) must be read in conjunction with one another.  *Amerine v. Haughton Elevator Co., Div. of Reliance Elec. Co.*, 42 Ohio St.3d 57 (1989), paragraph one of the syllabus.  Civ.R. 15(C) provides for when an amended complaint relates back to the date of the filing of the original complaint, and states in part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Additionally, the rule specifies the conditions under which an amendment relates back to the filing of the original complaint when there is a change in the named party.  *Id.*  In any event, in order for Civ.R. 15(C) to apply when an unknown or fictitious defendant is involved, the plaintiff must comply with the specific requirements of Civ.R. 15(D).  *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 11.

{¶ 10}   When filing a complaint, Civ.R. 15(D) is invoked when a plaintiff is acquainted with the description of a defendant but is unaware of the defendant's name at the time the complaint is filed.  *Mardis v. Meadow Wood Nursing Home*, 12th Dist. Brown No. CA2010-04-007, 2010-Ohio-4800, ¶ 28, citing *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 23.  Under this rule, a plaintiff can file a complaint and later amend that complaint when the name of the unknown party is discovered.  *Anetomang* at ¶ 10, citing Civ.R. 15(D).  "[W]hen a plaintiff designates a defendant by a fictitious name, Civ.R. 15(D) requires that the plaintiff provide a *description* of the defendant in the pleadings and aver in the complaint the fact that the plaintiff could not discover the name." (Emphasis sic.)  *Erwin* at ¶ 23.  Furthermore, Civ.R. 15(D) "directs that the summons contain the words 'name unknown' and be personally served on the defendant."  *Id.*

{¶ 11} In this case, in the original complaint, Whitehead stated that he could not ascertain the fictitious defendants. There was no description that would provide enough information for the John Doe defendants to be served. Whitehead only stated that the John Doe defendants were somehow involved in the school district construction project, directly or as agents of another company. Moreover, Whitehead did not request that a summons be issued containing "name unknown," nor was such a summons ever served on Ferguson. Consequently, Whitehead did not comply with the specific requirements of Civ.R. 15(D).

{¶ 12} Additionally, Civ.R. 3(A) requires that service be obtained upon a defendant, including a formerly unknown or fictitious defendant, within one year of the filing of an original complaint. "[W]here a plaintiff names a fictitious defendant and later corrects the complaint to insert the defendant's proper name, the amendment relates back to the filing of the original complaint and the defendant must be served with process within one year of the date the original complaint was filed." *Mardis* at ¶ 28, citing *Amerine*, 42 Ohio St.3d at 59. When the defendant is served within one year of the original complaint, "so long as the original complaint was filed prior to the expiration of the statutory time limit, 'service does not have to be made on the formerly fictitious, now identified, defendant within the statute of limitations.'" *LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921 at ¶ 12, quoting *Amerine* at 59.

{¶ 13} In this case, the original complaint was filed on March 2, 2012, within the two-year statute of limitations for a personal injury claim. *See* R.C. 2305.10(A). Nevertheless, Ferguson was not served until October 17, 2013. As such, service was not obtained upon Ferguson within one year of the filing of the original complaint as required by Civ.R. 3(A). Because Whitehead neither complied with the specific provisions of Civ.R. 15(D) nor Civ.R. 3(A), the relation-back provision of Civ.R. 15(C) does not apply.

{¶ 14} As the trial court may take judicial notice of its own docket and the relation-back provision of Civ.R. 15(C) does not apply, the trial court was proper in granting Ferguson

judgment on the pleadings.  Whitehead's single assignment of error is overruled.

**{¶ 15}** Judgment affirmed.


RINGLAND, P.J., and S. POWELL, J., concur.