[Cite as *Shaw v. Aberdeen*, 2016-Ohio-8229.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| GERALD W. SHAW, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2016-06-012 |
| | : | O P I N I O N |
| - vs - | | 12/19/2016 |
| | : | |
| VILLAGE OF ABERDEEN, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2015-0774

Gerald W. Shaw, 112 Mt. Tabor Road, Ewing, KY 41039, plaintiff-appellant, pro se

Surdik, Dowd & Turner Co., LPA, Jeffrey C. Turner, Dawn M. Frick, Christopher T. Herman, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458, for defendants-appellees, village of Aberdeen, Jason Phillips, Billie Eitel, James Perraut, Bill Wilson, and Delbert Hester

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Gerald Shaw, appeals the decision of the Brown County Court of Common Pleas, granting a motion on the pleadings in favor of the village of Aberdeen ("the Village") and various individuals,[1] both individually and in their official

---

1. Specifically, Shaw names the following defendants in both an individual and official capacity: Jason Phillips, Billie Eitel, James Perraut, Bill Wilson, and Delbert Hester.

capacities as "Mayor," "Counsel Person[s]," [sic] and "Village Administrator." For the reasons detailed below, we affirm.

{¶ 2} Shaw filed this lawsuit in response to a billing dispute with the Village for the payment of water, sewer, and sanitation charges. According to his complaint, Shaw is the owner of a vacant building located in the Village. In December 2013, Shaw alleged that there was a water leak in the building and, as a result, he had the water to the building turned off. Shaw maintains that no water or services have been requested or supplied since that time.

{¶ 3} In October 2015, Shaw received a bill for water, sewer, and sanitation expenses incurred between 8/22/15 and 9/22/15. Shaw disputed the bill and requested that the Village Mayor refrain from attempting to collect any funds. The pleadings reflect that Shaw was unsuccessful in his request and subsequent bills were issued to Shaw in November and December for services between 9/22/15 and 11/22/15, including carryover balances and late fees.

{¶ 4} On December 29, 2015, Shaw filed this lawsuit, alleging that the attempts to collect money from him were the result of a "criminal conspiracy" to extort money from him. Specifically, Shaw claimed:

> Defendants * * *, under color of official right, knowingly and intentionally entered into a criminal conspiracy to extort money from Plaintiff by enacting an ordinance which allows [the Village] to extract money for goods and services not provided or used.
>
> Defendants * * *, knowing that said ordinance ordered the taking of money for water and services not provided, fraudulently made or allowed to be made documents that appeared to be truthful because of their source or authorship, when in fact the statements therein were false; and know, or should have known, that the acts of all other defendants constituted larceny and criminal simulation, and acquiesced in such acts.
>
> The actions of the defendants were outrageous and inflicted upon the Plaintiff intentional serious emotional distress.

As a result, Shaw requested: (1) a cease and desist order to halt attempts to collect the

unpaid fees, (2) compensatory damages for "mental anguish," and (3) punitive damages.

{¶ 5} The Village answered and moved for judgment on the pleadings. Shaw also moved for judgment on the pleadings, alleging the Village did not deny certain facts in the Answer. On May 17, 2016, the trial court resolved both motions by denying Shaw's request and granting a judgment on the pleadings in favor of the Village. Shaw now appeals the decision of the trial court, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 8} Assignment of Error No. 2:

{¶ 9} TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANTS' MOTION ON THE PLEADINGS.

{¶ 10} As both of Shaw's assignments of error relate to the ultimate resolution of the case, we will address them together.

{¶ 11} A trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings is reviewed by an appellate court de novo. *Whitehead v. Skillman Corp.*, 12th Dist. Butler No. CA2014-03-061, 2014-Ohio-4893, ¶ 7. Pursuant to Civ.R. 12(C), a judgment on the pleadings is appropriate if the court finds that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. In ruling on the Civ.R. 12(C) motion, the court construes as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Corporex Dev. & Constr. Mgt., Inc. v. Shook*, 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 2. Civ.R. 12(C) motions are specifically for resolving questions of law. *Whitehead* at ¶ 7. "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist.

Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 6.

{¶ 12} We have reviewed the record and find the trial court did not err by granting the Village's motion for judgment on the pleadings. This is a simple billing dispute. Instead, Shaw chose to pursue a theory and cause of action that the bills and enabling ordinances are the result of a vast criminal conspiracy by Village officials to extort money from him. However, Shaw's claim must fail for several reasons. First, available-for-use fees are permissible charges for water distribution systems, and Shaw fails to present any comprehensible allegation to suggest that the pertinent ordinance or use fees are impermissible. *See Lakeside Utilities Corp. v. Barnum*, 5 Ohio St.3d 99 (1983). What is more, however, is the total lack of specificity in Shaw's complaint. A conspiracy or fraud claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim. *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 145 Ohio App.3d 155, 165 (6th Dist.2001); *see* Civ.R. 9 (B). Shaw's claim fails in this regard, as his complaint fails to set forth facts that would entitle him to relief. Accordingly, we find the trial court did not err by granting the Village's motion for judgment on the pleadings.

{¶ 13} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.