[Cite as *Lauver v. Ohio Valley Selective Harvesting, L.L.C.*, 2017-Ohio-5777.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| JAMES M. LAUVER, et al., | : | |
| Plaintiffs-Appellants, | : | CASE NO. CA2016-11-076 |
| | : | O P I N I O N |
| - vs - | | 7/10/2017 |
| | : | |
| OHIO VALLEY SELECTIVE HARVESTING, LLC, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013-CVC-1834

Farris & Manter, Aaron J. Manter, 6124 Corbly Road, Cincinnati, Ohio 45230, for plaintiffs-appellants, James M. Lauver and Michelle Kramer

Anthony A. Moraleja, 106 North High Street, Waverly, Ohio 45690, for defendant-appellee, Ohio Valley Selective Harvesting, LLC

**HENDRICKSON, P.J.**

{¶ 1} Plaintiffs-appellants, James Lauver and Michelle Kramer, appeal from a decision of the Clermont County Court of Common Pleas granting defendant-appellee, Ohio Valley Selective Harvesting, LLC ("OVSH"), relief from judgment and vacating an agreed judgment entry. For the reasons set forth below, we affirm the trial court's decision.

**{¶ 2}** On December 11, 2013, appellants filed a complaint against "[OVSH] c/o Peggy A. Lansing, Statutory Agent," Brad Lansing, Robert L. Brown, and John Doe in the common pleas court.[1] The complaint alleged that Brown owned a heavily wooded property neighboring that of appellants' property and that Brown entered into a logging contract with OVSH, a limited liability company appellants believed was solely owned and operated by Brad Lansing. Appellants claimed that Brad, OVSH, and its employees trespassed onto their property in Williamsburg, Clermont County, Ohio with heavy equipment, thereby causing extensive damage to appellants' property including the destruction and loss of trees and the loss of ground cover.

**{¶ 3}** The summons and complaint were served by certified mail on the defendants. The summons to "OVSH, c/o Peggy A. Lansing, Statutory Agent," was delivered on December 16, 2013, at 1311 Smokey Hollow Road, Piketon, Ohio 45661. It was signed for by Brad and was returned and filed with the clerk of courts on December 24, 2013. The summons to Brad was delivered on December 23, 2013, at 1311 Smokey Hollow Road, Piketon, Ohio 45661. It was signed for by Brad and was returned and filed with the clerk of courts on December 31, 2013. On January 24, 2014, attorney Chase Carter filed an answer and counterclaim on behalf of both Brad and OVSH.

**{¶ 4}** The case proceeded with various scheduling conferences and pretrial hearings. At some point, the parties agreed to submit their dispute to mediation, and on September 28, 2015, an "Agreed Judgment Entry Between Plaintiffs and Defendants, Ohio Valley Selective Harvesting, LLC and Brad Lansing" was filed. The Agreed Judgment Entry provided that appellants were "granted judgment jointly and severally" against OVSH and Brad in the amount of $50,000 plus interest at the rate of four percent per annum from July

---

1. Robert L. Brown was dismissed as a party to the action on August 27, 2015. Brown, Brad Lansing, and John Doe are not parties to the present appeal.

- 2 -

22, 2015. The entry was signed by appellants' counsel and by Chase Carter on behalf of OVSH and Brad.

{¶ 5} In July 2016, appellants instituted garnishment proceedings against OVSH and Brad.[2] Shortly thereafter, on August 22, 2016, OVSH, represented by attorney Anthony A. Moraleja, filed a Motion for Relief from Judgment, asking the court to set aside the September 28, 2015 Agreed Judgment Entry on the basis of Civ.R. 60(B)(1), (3), and (5).[3] OVSH also argued that the Agreed Judgment Entry had been issued "without effective service upon [OVSH] and without notice and consent of [OVSH]." Attached to the motion was the affidavit of Peggy Lansing. In her affidavit, Peggy averred in relevant part as follows:

1. I am the statutory agent for [OVSH].

2. [OVSH] is a limited liability company, registered with the office of the Ohio Secretary of State.

3. I am the sole member of [OVSH], and I am the only officer of the company.

4. No other person or entity has any authority, and I have not delegated authority to any other person or entity, to enter any kind of agreement on behalf of the company.

5. I did not receive a copy of the complaint, notices, or other documents filed in the * * * case, from either the Court, the Clerk of Courts, the Plaintiff[s], the Plaintiff's [sic] attorney, or anyone else.

6. I did not sign for any certified mail related to the * * * case, including certified mail with the original complaint.

7. I did not participate in, nor was I represented in, any settlement negotiations with the Plaintiff[s] or the other Defendant, Brad Lansing * * *.

8. I was not even aware of the action in the * * * case until Brad Lansing informed me that collection proceedings had been

---

2. Appellants had initially instituted garnishment proceedings in February 2016, but dismissed those proceedings in June 2016.

3. OVSH inadvertently omitted page 4 of its initial Motion for Relief from Judgment. An amended motion was filed on September 9, 2016, to correct this omission.

instituted against the company, after which I immediately informed the company's regular attorney, Anthony A. Moraleja, on July 28, 2016.

9. Brad Lansing is not an officer of the company, nor is he the company's statutory agent for service of process, nor does he have any authority from the company, or from me as the sole member and officer of the company, to negotiate any agreement on behalf of the company.

10. Brad Lansing has access to the mailbox at the address of the company, and had received all the mail related to the * * * case without informing me of said mail, or providing me a copy of the same.

11. Brad Lansing informed me that he represented to his attorney that he had authority to bind the company to a negotiated agreement to settle the * * * case, when, in fact, he had no such authority.

12. I was entirely unaware and had no prior notice of the judgment entered by the court in the * * * case on September 28, 2015, and further was unaware and had no prior notice of the proceedings that led to said judgment.

{¶ 6} Appellants filed a memorandum in opposition to OVSH's motion, arguing that service had been perfected on OVSH when the summons and complaint were served by certified mail at the address of Peggy Lansing, the statutory agent for the company, and were signed for by Brad, Peggy's husband and an employee of OVSH. Appellants further argued that relief from judgment was inappropriate pursuant to Civ.R. 60(B) as OVSH could not demonstrate it had a meritorious defense to the action or that it was entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5).

{¶ 7} The trial court held a hearing on OVSH's motion for relief from judgment on October 18, 2016. At this time, the court heard testimony from Peggy and Brad. Peggy's testimony was consistent with the averments set forth in her affidavit. She explained that she and her husband, Brad, resided at 1311 Smokey Hollow Road, Piketon, Ohio 45661, and that she operated OVSH out of this address. She testified that she is the sole member OVSH

- 4 -

and is the company's statutory agent. She explained that any mail pertinent to OVSH was sent to the Smokey Hollow Road address and that she was the only person permitted to handle such mail. Although Brad was an employee of OVSH, he was not a member of the company. Peggy denied that Brad had authority to enter into any contracts on behalf of OVSH. She stated only she could sign contracts on behalf of the company, and she had not entered into a contract for OVSH to log timber out of Brown's property. She did admit, however, that Brad had access to OVSH's bank accounts and he had made deposits into OVSH's accounts on occasion.

{¶ 8} Peggy testified she had no knowledge of the case appellants filed against OVSH until sometime in late July 2016, when Brad called her to inform her that Pike County Sheriff's deputies were at their property and were attempting to seize equipment of OVSH in execution of the judgment entered in appellants' favor. Peggy stated she had not signed the certified mail receipt for the summons, and that Brad did not have authority to sign the receipt on behalf of OVSH. She denied that she had hired Chase Carter to represent OVSH and stated she never authorized or entered into any agreement to settle the lawsuit. Peggy stated attorney Anthony A. Moraleja was her business and personal attorney. Peggy explained that after Brad disclosed the lawsuit and his conduct regarding the suit, she contacted Moraleja and filed for divorce from Brad.

{¶ 9} Brad testified he entered a contract with Brown to log timber on Brown's property and that Peggy and OVSH "had nothing to do with [it]" other than "hauling the logs." Brad testified he had not told his wife about the contract with Brown, about the lawsuit filed by appellants, or about hiring Carter to represent him "because it had nothing to do with her." He explained that he has access to the mailbox at 1311 Smokey Hollow Road, and that he is the "first one to get the mail." He admitted that he signed the receipt for the service of the summons and complaint for OVSH, but testified he did not inform Peggy about the lawsuit.

Instead, he contacted Chase Carter to handle the lawsuit for him, and Carter settled the case. Only after this occurred, and sheriff's deputies had attempted to seize equipment owned by OVSH did Brad tell Peggy about the lawsuit.

{¶ 10} Following Brad's testimony, the court heard arguments from the parties' attorneys before taking the matter under advisement. On October 20, 2016, the court issued an opinion granting OVSH's motion for relief. The court found that the "threshold issue for it to determine [was] whether the service of the complaint upon OVSH was valid." The court concluded that although there was presumption of proper service as the civil rules regarding service had been followed, "OVSH ha[d] sufficiently rebutted the presumption of service in this matter." In so finding, the court specifically stated that it found Brad and Peggy's testimony credible. With respect to Peggy's testimony, the court noted it "had the opportunity to see and hear [Peggy's] testimony and observe her demeanor on the witness stand * * *. Her answers were direct, spontaneous, and did not appear to be contrived or rehearsed. * * * [She] appeared sincere and can be described as being, at appropriate times, upset and even indignant as to how her company was involved in this matter without her knowledge, enhancing her credibility."

{¶ 11} As the trial court found that the presumption of service was rebutted and that the judgment against OVSH was therefore void, the court did not address OVSH's arguments as they pertained to Civ.R. 60(B). The court vacated the September 28, 2015 Agreed Judgment Entry as it pertained to OVSH.

{¶ 12} Appellants timely appealed the trial court's decision, raising the following as their sole assignment of error:

{¶ 13} THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN GRANTING [OVSH'S] AMENDED MOTION FOR RELIEF FROM JUDGMENT BASED ON INSUFFICIENT PROCESS WHEN PROCESS COMPORTED WITH THE OHIO RULES OF

CIVIL PROCEDURE AND THE REQUIREMENTS OF DUE PROCESS.

{¶ 14} In their sole assignment of error, appellants argue the trial court erred when it determined that OVSH had rebutted the presumption of service of the summons and complaint, granted OVSH's motion for relief from judgment, and vacated the September 28, 2015 Agreed Judgment Entry. Appellants contend that because service complied with the Rules of Civil Procedure and R.C. 1705.06 and was directed to an address where it was "reasonably calculated under the circumstances to reach the statutory agent," OVSH's motion should have been denied.

{¶ 15} A judgment rendered in the absence of personal jurisdiction over a defendant is void. *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 30; *Chuang Dev. LLC v. Raina*, 10th Dist. Franklin Nos. 15AP-1062 and 16AP-500, 2017-Ohio-3000, ¶ 28. "A trial court lacks personal jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service." *Id.*, citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus.

{¶ 16} "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Id.* at ¶ 29. *See also Roberts* at ¶ 30. Therefore, a party seeking to challenge a void judgment on the basis that a court lacked personal jurisdiction due to improper service of process should file a motion to vacate or set aside the judgment. *Id.* Where a party has mistakenly attempted to vacate a void judgment through a Civ.R. 60(B) motion, a court should treat the motion as a common-law motion to vacate or set aside the judgment, as "it is 'not significant' that the motion has been styled as a Civ.R. 60(B) motion." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 19. "An appellate court reviews the denial of a common-law motion to vacate under an abuse of discretion standard." *Ohio State Aerie Fraternal Order of*

*Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 10; *Roberts* at ¶ 30; *Raina* at ¶ 29. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} "Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to be appear." *Roberts*, 2014-Ohio-1893 at ¶ 32, citing *Hamilton v. Digonno*, 12th Dist. Butler CA2005-03-075, 2005-Ohio-6552, ¶ 9. Civ.R. 4.1 outlines the methods of obtaining service of process within the state of Ohio, and it provides for service by certified mail, personal service, or residential service. With respect to limited liability companies, R.C. 1705.06 provides that the company "shall maintain continuously in this state an agent for service of process on the company" and that "[a]ny legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served * * * [on] the agent * * * by delivering a copy of the process, notice, or demand to the agent." R.C. 1705.06(A), (H)(1)(a). "Service by certified mail, '[e]videnced by return receipt signed by any person,' is complete when the clerk notes receiving the return receipt on the docket." *Raina*, 2017-Ohio-3000 at ¶ 30, citing Civ.R. 4.1(A)(1)(a). "[A] signed receipt returned to the sender establishes a prima facie case of delivery to the addressee. * * * Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent." *TCC Mgt. v. Clapp*, 10th Dist. Franklin 05AP-42, 2005-Ohio-4357, ¶ 11.

{¶ 18} Where a plaintiff follows the Rules of Civil Procedure regarding service of process, a rebuttable presumption of proper service arises. *Id.* at ¶ 13; *Raina* at ¶ 31. However, this presumption can be rebutted where a defendant presents sufficient evidence demonstrating that service was not accomplished. *Id*. at ¶ 32, citing *Griffin v. Braswell*, 187

Ohio App.3d 281, 2010-Ohio-1597, ¶ 15 (10th Dist.). *See also Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, ¶ 18, fn. 2 (recognizing that "the presumption of valid service is rebuttable"). "A failure of service may * * * occur where 'the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it.'" *Raina* at ¶ 32, quoting *Erin Capital Mgt. LLC v. Fournier*, 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939, ¶ 19. *See also Mortgage Bank Corp. v. WWIO, Ltd*, 10th Dist. Franklin No. 16AP-44, 2016-Ohio-7069, ¶ 21-24; *Clapp*, 2005-Ohio-4357 at ¶ 14-16. "In determining whether a defendant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Id.* at ¶ 15.

{¶ 19} In the present case, the clerk of courts mailed the summons and complaint to the address of OVSH's statutory agent at "1311 Smokey Hollow Road, Piketon, Ohio 45661" via certified mail, as permitted by Civ.R. 4.1(A)(1)(a). Brad signed the return receipt for the certified mail on December 16, 2013, and it was returned to the clerk of courts on December 24, 2013. As Civ.R. 4.1 was followed, a rebuttable presumption of proper service on OVSH arose.

{¶ 20} After reviewing the record, we find no error in the trial court's determination that the presumption of service was rebutted. OVSH presented sufficient evidence demonstrating that service was not accomplished as Brad did not inform OVSH's statutory agent and sole member, Peggy, of the lawsuit or provide her the summons and complaint sent to the Smokey Hollow Road address. Not only did Peggy testify that she was unaware of the lawsuit and had not received the summons and complaint, but she also testified that she had not hired Chase Carter to represent OVSH or authorized him to enter into a settlement agreement on the company's behalf. The first-time Peggy learned of appellants'

lawsuit and judgment against OVSH was in July 2016, when Brad finally informed her of the lawsuit after assets of the company were almost seized.

{¶ 21} Further, despite the fact that the September 28, 2015 Agreed Judgment will remain valid against him, Brad testified in a manner consistent with Peggy's testimony. He explained that although he signed the certified mail addressed to OVSH's statutory agent, he had not advised Peggy of the lawsuit or provided her with the summons and complaint. Brad hired an attorney to handle the lawsuit for him, and the attorney settled the case without Peggy knowing about the suit. It was only after sheriff's deputies attempted to seize equipment owned by OVSH that Brad informed Peggy of the lawsuit.

{¶ 22} The trial court found Peggy's and Brad's testimony that Peggy had not received the summons and complaint or learned of the lawsuit until July 2016 credible. The trial court was in the best position to assess the witnesses' credibility as it had the opportunity to view the witnesses and observe their demeanor, gestures and voice inflections, and this court will not second guess the trial court's assessments. *See First Fin. Bank, FSB v. Doellman*, 12th Dist. Butler No. CA2012-05-112, 2013-Ohio-1383, ¶ 12. Appellants did not present evidence to contradict Peggy's and Brad's testimony regarding Peggy's lack of knowledge of the suit and judgment. As such, we conclude that the trial court did not err in finding that the presumption of service was rebutted. *See, e.g., Clapp*, 2005-Ohio-4357 at ¶ 14-16 (upholding trial court's determination that the presumption of service that arose after a certified mail receipt had been signed for by a spouse and returned to the clerk of courts had been rebutted where the defendant demonstrated her husband had not advised her of the lawsuit or given her a copy of the summons and complaint); *WWIO*, 2016-Ohio-7069 at ¶ 21-24 (upholding trial court's determination that the presumption of service had been rebutted where the defendant presented evidence that his wife never informed him of a cross-claim she had received by certified mail and where he demonstrated his wife frequently threw out

his mail).

**{¶ 23}** As OVSH overcame the presumption of valid service, we find that the trial court did not abuse its discretion in granting OVSH's motion for relief from judgment and vacating the September 28, 2015 Agreed Judgment Entry. Appellants' sole assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.