[Cite as *Elboco Ents. v. Billman*, 2020-Ohio-4877.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| ELBOCO ENTERPRISES, CO., | : | |
| Appellant, | : | CASE NOS. CA2019-10-026<br>CA2020-02-005 |
| | : | |
| - vs - | : | O P I N I O N<br>10/13/2020 |
| | : | |
| JERRY L. BILLMAN, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20180095

Collins & Slagle Co., LPA, Ehren W. Slagle, 351 West Nationwide Boulevard, Columbus, Ohio 43215, and Williams & Strohm, LLC, Nicholas R. Barnes, 2 Miranova Place, Suite 380, Columbus, Ohio 43215, for appellant

Kaman & Cusimano, LLC, Brian L. Shaw, Garrett Humes, 8101 North High Street, Suite 370, Columbus, Ohio 43235, for appellee

**PIPER, J.**

{¶1} Appellant, Elboco Enterprises, Co., appeals decisions of the Madison County Court of Common Pleas dismissing its declaratory judgment action, denying its motion for leave to amend its complaint, and granting judgment on the pleadings in favor of appellee, Richmir Adult Community Condominium Property Owners Association, Inc. ("the

Association").

{¶2}   In 2001, Elboco obtained title to an 80-acre plot of land.[1]   The next year, Elboco divided the plot by a recorded plat in which a 30-acre parcel was reserved for the Richmir Private Adult Community condominium project.   Elboco developed the condominium project on the 30-acre parcel, and left the remaining 50-acre parcel undeveloped.

{¶3}   At some point, individual unit owners within the condominium community began to claim that the 50-acre property was collectively owned by the condominium community.  Elboco filed a complaint asking the court to declare it the owner of the 50-acre parcel.   Its complaint was served on 153 condominium unit owners.   Two individual condominium owners answered, while the others did not.

{¶4}   Approximately two months later, the Association filed a motion to intervene, as it was not named in Elboco's original complaint.   The Association is a non-profit corporation created to maintain and administer the 30-acre property collectively owned by the condominium community.  The trial court granted the Association's motion to intervene. The following month, Elboco moved for default judgment against those condominium owners who did not file an answer, which the trial court granted.

{¶5}   Approximately six months later, and after the trial court had already granted default judgment in favor of Elboco against the unit owners who did not answer, the Association filed a motion for judgment on the pleadings.  Elboco then filed a combined motion in opposition to the Association's motion for judgment on the pleadings, as well as a motion for leave to amend its complaint to add the Association as a defendant.  Within

---

1. The exact size of the parcel of land is 80.363 acres.  However, for ease of discussion, we will refer to the parcel as an 80-acre piece of land that was subsequently divided into two tracts of approximately 30 acres and approximately 50 acres.

this motion, Elboco clarified that it would seek to quiet title in addition to the declaratory judgment action.

{¶6} Without ruling on Elboco's motion for leave to amend, the trial court granted the Association's motion for judgment on the pleadings. The trial court asked the Association to prepare an entry reflecting the grant of judgment on the pleadings, which it did. The Association submitted the prepared entry to the trial court without first sharing it with Elboco. Although Elboco had not seen the prepared entry, the trial court adopted it and Elboco then appealed the trial court's decision. Elboco also filed a motion for relief from judgment in the trial court.

{¶7} Elboco moved this court to remand the matter to the trial court for consideration of its motion, which this court granted. The trial court then denied Elboco's motion for relief from judgment, and Elboco appealed that decision. This court then consolidated Elboco's original appeal with its subsequent appeal of the trial court's denial of its motion for relief from judgment. Elboco raises several assignments of error within its consolidated appeal of the trial court's judgments. We will address the assignments of error out of order so that we may address the dispositive arguments first.

{¶8} Assignment of Error No. 4:

{¶9} THE TRIAL COURT ERRED WHEN IT DENIED ELBOCO'S MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTED ASSOCIATION'S MOTION FOR JUDGMENT ON THE PLEADINGS INSTEAD OF DECIDING THE CASE ON ITS MERITS, WHICH HAS RESULTED IN DISPARATE CLASSES OF DEFENDANTS AND INCONSISTENT TREATMENT OF THE REAL ESTATE AS TO THE DIFFERENT INTERESTED PARTIES.

{¶10} Assignment of Error No. 5:

{¶11} THE TRIAL COURT ERRED WHEN IT DISMISSED ELBOCO'S DECLARATORY JUDGMENT ACTION WITHOUT DETERMINING THE PARTIES' RIGHTS STATUS, AND/OR OTHER LEGAL RELATIONS.

{¶12} Elboco argues in its fourth and fifth assignments of error that the trial court erred when it denied Elboco's motion for leave to amend its complaint, failed to rule on Elboco's declaratory judgment action, and granted the Association's motion for judgment on the pleadings,.

A. Motion for Leave to Amend Complaint[2]

{¶13} An appellate court reviews a trial court's decision to grant or deny a motion to amend a complaint using an abuse of discretion standard. *Scovanner v. Ohio Valley Voices*, 12th Dist. Clermont No. CA2012-02-017, 2012-Ohio-3629. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted arbitrarily, unreasonably, or unconscionably. *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777.

{¶14} Civ.R. 15(A) allows for liberal amendment unless there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984). The primary consideration when deciding whether to grant or deny leave to amend is whether there will be actual prejudice because of delay. *Textiles, Inc. v. Design Wise, Inc.*, 12th Dist. Madison Nos. CA2009-08-015 and CA2009-08-018, 2010-Ohio-1524, ¶ 83.

{¶15} After reviewing the record, we find that the trial court abused its discretion by

_____

2. As noted above, the trial court did not rule on Elboco's motion to amend, and instead, granted judgment on the pleadings. When a court does not rule on a pretrial motion, that motion is ordinarily presumed to have been denied. *Choate v. Tranet, Inc.*, 12th Dist. Warren No. CA2003-11-112, 2004-Ohio-3537, ¶ 60. With no entry expressing the reason for denial, we examine the context of the motion within the overall record.

not granting Elboco's motion to amend its complaint. The record indicates that Elboco did not name the Association in its original complaint. However, the trial court granted the Association's motion to intervene, suggesting the Association held a vested interest in the outcome of the proceedings. As such, the Association and the responding defendants would not have been prejudiced by Elboco amending its complaint to include the Association as a named defendant.

{¶16} Nor would the amendment cause undue delay, as Elboco's motion was made before any discovery had been conducted and before a trial date had been set. Moreover, as the same plot of land was at issue, amending the complaint to add the Association as a party would have implicated the same evidence and questions of law as already raised within Elboco's declaratory judgment action.

{¶17} The record does not indicate any evidence of bad faith, prejudice, or undue delay regarding Elboco's motion to amend its complaint. This is especially true where Elboco was timely reacting to the trial court's allowance of the Association to intervene and amending Elboco's complaint created no danger of delay. All parties were fully aware of the facts and circumstances underlying the proceedings, and justice required amendment of the complaint so that Elboco could address the Association's claims. As such, and given the liberal instructions within Civ.R. 15(A) to permit amendment, we find that the trial court abused its discretion by not granting Elboco's motion to amend its complaint.

## B. Judgment on the Pleadings

{¶18} A trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings is reviewed by an appellate court de novo. *Whitehead v. Skillman Corp.*, 12th Dist. Butler No. CA2014-03-061, 2014-Ohio-4893, ¶ 7. Pursuant to Civ.R. 12(C), a judgment on the pleadings is appropriate if the court finds that the plaintiff can prove no set of facts in support

of his or her claim that would entitle him or her to relief.

{¶19} In ruling on the Civ.R. 12(C) motion, the court construes as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Corporex Dev. & Constr. Mgt, Inc. v. Shook*, 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 2. Civ.R. 12(C) motions are specifically for resolving questions of law. *Shaw v. Village of Aberdeen*, 12th Dist. Brown No. CA2016-06-012, 2016-Ohio-8229, ¶ 11.

{¶20} "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. Clermont No. CA2008-10-097, 2009-Ohio-3418, ¶ 6.

{¶21} The trial court erred by granting judgment on the pleadings in favor of the Association. The record clearly indicates that Elboco was granted default judgment against the condominium owners who did not answer Elboco's complaint. Thus, the 150 defendants against whom default judgment was granted have no rights or ownership in the disputed 50-acre parcel. However, once the trial court granted judgment on the pleadings, the defendant-owners who did answer possibly gained ownership rights in the disputed parcel of land. Thus, there are multiple issues of merit to be determined regarding who owns the disputed 50-acre parcel. This is true regarding Elboco, the defendants who answered, the Association, as well as other condominium owners whose rights remain undetermined.[3]

{¶22} The trial court's decision to grant judgment on the pleadings created two classes of litigants, those who answered and those who did not. Those unit owners who answered now possibly have rights in the 50-acres and those unit owners who did not

---

3. According to the trial court's entry, there are three unit-owners who still have pending issues that are left unresolved by the judgment on the pleadings. Of the defendants who did not answer the complaint, all had a default judgment entered against them exception one, whose interests also remain undetermined.

answer have no rights in the land. The parcel itself, is therefore subject to inconsistent treatment regarding the interested parties, and the matter is clearly inappropriate for judgment on the pleadings. Instead, the issue must be resolved on its merits after full consideration of the evidence regarding the purchase, division, recordation, and treatment of the property in question.

### C. Declaratory Judgment

{¶23} A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations. *Travelers Indem. Co. v. Cochrane*, 155 Ohio St. 305 (1951). Declaratory judgment actions may be filed for the purposes of deciding an actual controversy. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9. Declaratory judgment statutes are to be construed liberally. *Calvary Industries v. Coral Chem. Co.*, 12th Dist. Butler No. CA2016-12-233, 2017-Ohio-7279.

{¶24} A trial court's decision regarding declaratory judgment actions is reviewed for an abuse of discretion. *Heasley*. A declaratory action is proper if the action is within the scope of the Declaratory Judgment Act, a justiciable controversy exists between adverse parties, and speedy relief is necessary to preserve rights that may otherwise be impaired or lost. *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St. 3d 202 (1997). There are generally only two reasons for dismissing a complaint for declaratory judgment: (1) there is no real controversy or justiciable issue between the parties, and (2) the declaratory judgment will not terminate the uncertainty. *Burchwell v. Warren County*, 12th Dist. Warren No. CA2013-09-079, 2014-Ohio-1892.

{¶25} After reviewing the record, the trial court should have ruled on Elboco's declaratory judgment action. Despite granting default judgment against 150 unit-owners,

the trial court did not determine Elboco's rights versus the Association or other unit-owners who answered the complaint.

{¶26} The two exceptions noted above for dismissal of a declaratory judgment action are not applicable to the case sub judice. First, there is a real controversy and justiciable issue between the parties regarding who owns the land in question. Second, a decision by the trial court to quiet title in favor of Elboco or the other parties will terminate the uncertainty of the ownership question. Absent a specific and uniform declaration of the parties' rights, the trial court's various rulings involving default judgment and judgment on the pleadings, have created inconsistent and possibly invalid ownership rights. Therefore, a justiciable controversy exists between the adverse parties, and speedy relief is necessary to preserve rights that may otherwise be impaired or lost.

{¶27} Having reviewed the record, we sustain Elboco's fourth and fifth assignments of error.[4] The trial court's decisions are reversed, and the matter is remanded for further proceedings to determine the rightful ownership of the disputed 50-acre parcel.

{¶28} Judgment reversed and remanded.

M. POWELL, P.J., and S. POWELL, J., concur.

---

4. Given our disposition of Elboco's fourth and fifth assignments of error, the other assignments of error are rendered moot.