[Cite as *In re Estate of Rush*, 2014-Ohio-3293.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN THE MATTER OF THE ESTATE OF:  :

BILLY JASON RUSH, Deceased.  :  CASE NO.  CA2013-10-103

  :  O P I N I O N
  7/28/2014

  :

  :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2012 1291


John D. Smith Co., LPA, John D. Smith, Andrew P. Meier, Ronald J. McHenry, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellant, Tracie L. Rush

Gray & Duning, J. William Duning, John C. Kaspar, 130 East Mulberry Street, Lebanon, Ohio 45036, for appellee, Sheila Rush


**RINGLAND, P.J.**

{¶ 1} Tracie Rush (Wife), appeals the decision of the Warren County Probate Court in a case involving a will contest action, the administration of an estate, and an action to probate a holographic will.[1]

{¶ 2} Billy Jason Rush (Decedent) married Wife in 1995.  Decedent had no children.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

On March 23, 2003 Decedent executed a will (2003 will), naming Wife as the executor and sole beneficiary of his estate.

{¶ 3} In June 2011, Decedent entered an alcohol rehabilitation facility located in Phoenix, Arizona. On August 19, 2011, Wife filed a complaint for divorce in the Montgomery County Court of Common Pleas, Domestic Relations Division. Following the completion of his rehabilitation program, Decedent decided to extend his stay in Arizona. Wife and Decedent's mother, Sheila Rush (Mother), dispute whether Decedent intended to remain in Arizona and establish Arizona as his domicile.

{¶ 4} On June 1, 2012, Decedent allegedly created a holographic will that, inter alia, expressly removed Wife from his will and named Mother as a beneficiary to Decedent's estate.

{¶ 5} On June 6, 2012, Decedent committed suicide at Mother's house in Springboro, Ohio located in Warren County.

{¶ 6} On June 13, 2012, Wife filed an application to probate Decedent's 2003 will and authority to administer Decedent's estate. In addition, Wife withdrew her complaint for divorce in Montgomery County.

{¶ 7} On June 15, 2012, Mother filed a motion to contest the jurisdiction of the probate court, arguing that Decedent was domiciled in Maricopa County, Arizona. In support, Mother attached probate documents and a petition for adjudication of intestacy that she filed with the Superior Court of Arizona, Maricopa County on June 14, 2012.

{¶ 8} On September 7, 2012, Mother filed a complaint to contest the 2003 will submitted by Wife. In her complaint, Mother alleged the existence of a holographic will and requested the holographic will be admitted to probate for administration in Ohio.

{¶ 9} On November 1, 2012, the probate court held an evidentiary hearing. At the hearing, the parties presented conflicting evidence regarding Decedent's domicile. Mother

introduced testimony that Decedent had rented an apartment in Arizona, taken employment in Arizona, and held himself out as a resident of Arizona. In contrast, Wife introduced evidence that Decedent only intended on staying in Arizona throughout the divorce proceedings. For example, Wife argued that Decedent had not renewed his apartment lease and had also maintained his employment in Ohio. Furthermore, Wife also argued that Ohio was the proper location to administer Decedent's estate based on the presence of various assets and items of personal property located within the state.

{¶ 10} Following the hearing, the probate court journalized an entry concluding that Mother did not have standing to contest jurisdiction. In so deciding, the probate court found that Wife, as the surviving spouse, was entitled to inherit from the Decedent in the event of his intestacy and therefore Mother is not a next of kin entitled to inherit from Decedent's death. Furthermore, the probate court also found:

> [Mother] offered no evidence of the holographic Will or to support its validity in this proceeding. Her offer, so far, of such evidence is contained in a will contest filed herein as a separate pending proceeding, yet unheard and unresolved. There is no such evidence in this proceeding. To proceed here on this basis [Mother] must establish "…at least a prima facie case as to the validity…of the Arizona Will. See Kennedy, Exr. v. Walcutt, 118 Ohio State 442, 446 (1928) and Sheridan v. Harbison (1995), 101 Ohio App.3d 206 HN#2 (2nd District). She has not done so either in this proceeding or the will contest proceeding.

Therefore, the probate court concluded that Mother did not have standing to contest jurisdiction, dismissed Mother's motion to contest jurisdiction, and lifted the stay of proceedings.

{¶ 11} On April 9, 2013, Mother filed an application to probate Decedent's holographic will. Shortly thereafter, the probate court entered an interlocutory order denying probate of the holographic will allegedly created by Decedent prior to his death.

{¶ 12} On May, 2, 2013, Mother filed a notice of appeal regarding the probate court's April 2, 2013 order, which found that Mother did not have standing to contest the will. Mother

voluntarily dismissed her appeal on September 27, 2013. *In the Matter of The Estate of Billy Jason Rush*, 12th Dist. Warren No. CA2013-05-043 (Oct. 10, 2013) (Judgment Entry of Dismissal).

{¶ 13} In the meantime, Mother also filed a Civ.R. 60(B) motion to reconsider the April 2, 2013 order, in which the trial court found that Mother did not have standing to contest the court's jurisdiction. Subsequently, and by agreement of the parties, the probate court ordered a stay of proceedings and permitted the parties to seek private mediation.

{¶ 14} On July 16, 2013, the probate court journalized an entry noting that the private mediation was not successful. The order further indicated that "[a]ll parties indicate that the issue of domicile is now ripe for adjudication." Because of the testimony presented on November 1, 2012, the probate court further noted:

> Testimony has been previously given during an all-day hearing with Judge John C. Newlin presiding. This matter shall be assigned to Judge Newlin to rule upon the contested claim of Ohio being the domiciliary state of Billy Jason Rush.

{¶ 15} On August 27, 2013, the probate court found that Decedent was domiciled in Arizona at the time of his death based on the evidence produced during the November 1, 2012 hearing.

{¶ 16} On October 2, 2013, the probate court issued three orders based upon its August 27, 2013 determination. First, the court granted a motion by Mother to withdraw her application to probate the holographic will and for authority to administer the estate. Second, the court stayed its decision on a motion to exercise jurisdiction and a motion seeking other relief. Finally, the court ordered all other pending motions stayed.

{¶ 17} On October 3, 2013, Wife moved to consolidate the two proceedings: the administration of Decedent's estate and will contest actions. The probate court denied Wife's motion to consolidate and found:

> The court has rendered a decision * * * staying the proceedings

- 4 -

in case numbers * * * due to primary jurisdiction being the State of Arizona, the decedent's domiciliary state at the time of his death.

Under case number * * *, the Court has forwarded the original Holographic Will to Maricopa County Superior Court for their further action and determination. Therefore, [Wife's] *Motion to Consolidate* is NOT WELL TAKEN and hereby DENIED.

{¶ 18} On October 16, 2013, the probate court filed two orders. First, the probate court found, based upon its ruling that Decedent was a resident of Arizona at the time of his death, that jurisdiction over the estate was vested with the Superior Court of Maricopa County, Arizona. The estate administration action filed in Ohio was therefore dismissed without prejudice. Second, the probate court dismissed the will contest action because the "[Maricopa County, Arizona] court's finding will control who the administrator is for the ancillary administration and how the property in Ohio is disposed of * * * there is no longer a need to keep the will contest file open." Wife now appeals the decision of the probate court, raising three assignments of error for review.

{¶ 19} Assignment of Error No. 1:

{¶ 20} THE PROBATE COURT ERRED IN RULING ON [MOTHER'S] MOTION TO CONTEST JURISDICTION WHERE IT HAD ALREADY DETERMINED THAT [MOTHER] DID NOT HAVE STANDING TO CONTEST JURISDICTION AND IT DID NOT RECONSIDER ITS PREVIOUS DECISION ON THIS ISSUE.

{¶ 21} In her first assignment of error, Wife argues the probate court erred in considering Mother's motion to contest jurisdiction after it concluded that Mother did not have standing to contest the will administration proceeding. We find this argument lacks merit.

{¶ 22} Both R.C. 2107.12 and 2107.71 provide that "persons interested" may contest the jurisdiction of the probate court to entertain an application to probate a decedent's will and to contest the validity of an admitted will or codicil. Pursuant to R.C. 2107.12:

When a will is presented for probate or for a declaratory

judgment of its validity pursuant to section 2107.081 of the Revised Code, *persons interested* in its outcome may contest the jurisdiction of the court to entertain the application. Preceding a hearing of a contest as to jurisdiction, all parties named in such will as legatees, devisees, trustees, or executors shall have notice thereof in such manner as may be ordered by the court.

(Emphasis added.) In addition, R.C. 2107.71 provides:

A *person interested* in a will or codicil admitted to probate in the probate court * * * may contest its validity by filing a complaint in the probate court in the county in which the will or codicil was admitted to probate.

(Emphasis added); *Roll v. Edwards*, 4th Dist. Ross No. 05CA2833, 2006-Ohio-830, ¶ 54; *In re Estate of Scanlon*, 8th Dist. Cuyahoga No. 95264, 2011-Ohio-1097, ¶ 12.

{¶ 23} Wife alleges that Mother is not a "person interested" under R.C. 2107.12 and 2107.71 and, therefore, the probate court should not have considered Mother's motion to contest jurisdiction. "A 'person interested' has been defined as one who has a direct, pecuniary interest in the estate." *In re Estate of Miller*, 3d Dist. Logan No. 8-10-12, 2010-Ohio-6381, ¶ 12, citing *Bazo v. Siegel*, 58 Ohio St.2d 353, 354 (1979).

{¶ 24} In support of her argument, Wife advances two principle arguments. First, Wife argues that pursuant to the 2003 will, she is the sole beneficiary of Decedent's estate and Mother is therefore not entitled to any portion of Decedent's estate. Second, Wife argues that, even if the 2003 will were declared invalid, Mother would still not have an interest in any portion of Decedent's estate based on the laws of intestate succession. As Decedent's surviving spouse, Wife claims that she would be entitled to inherit Decedent's entire estate. R.C. 2105.06(E)("[i]f there are no children or their lineal descendants, then the whole to the surviving spouse"). Therefore, Wife argues that Mother should not be able to contest the jurisdiction of the probate court because Mother is not a "person interested" in Decedent's estate.

{¶ 25} To the contrary, Mother argues that she is a "person interested" in Decedent's

estate due to the alleged existence of a holographic will Decedent created prior to his death, which names Mother as a beneficiary. Therefore, Mother maintains that under the terms of the holographic will, she is a "person interested" in Decedent's estate and therefore should be permitted to contest the court's jurisdiction.

{¶ 26} In its entry dated April 2, 2013, the probate court agreed with Wife and concluded that Mother did not have standing to contest the court's jurisdiction: (1) because Mother was not a beneficiary under the 2003 will, and (2) because Wife, as surviving spouse, was entitled to inherit Decedent's entire estate in the event that Decedent's will was declared invalid. The probate court also found that Mother did not provide prima facie evidence of the holographic will at the evidentiary hearing held on November 1, 2012. Nevertheless, several months later, the probate court reversed course and transferred the matter to the Superior Court of Maricopa County, Arizona based on its finding that Decedent was domiciled in Arizona at the time of his death and "jurisdiction over the estate was vested" with the Arizona court. As such, Wife now complains the probate court erred by improperly considering Mother's motion to contest jurisdiction, in spite of the prior judgment entry finding that Mother did not have standing to contest the court's jurisdiction.

{¶ 27} Based on our review of the record, we find the probate court did not err in considering whether jurisdiction was proper. Although Wife is correct in noting that R.C. 2107.12 and 2107.71 provide that "persons interested" may contest the jurisdiction of the probate court and the validity of a will, we find those provisions do not limit the probate court's ability to consider its own jurisdiction or the appropriate venue for the proceedings and we need not decide if Mother is a "person interested." *See, e.g., In Re: Estate of Gavrilovich*, 9th Dist. Summit No. 10718, 1982 WL 2808, *2 (Oct. 27, 1982) ("R.C. 2107.12 expressly authorizes the court to, in effect, take jurisdiction to decide its jurisdiction"). In this case, the probate court considered its jurisdiction to probate Decedent's will under R.C. 2107.11 after it

concluded that Decedent was a domiciliary of Arizona. While the propriety of the probate court's decision is subject to Wife's second assignment of error, we find the probate court did not err in considering whether it had jurisdiction in the matter. Accordingly, Wife's first assignment of error is overruled.

{¶ 28} Assignment of Error No. 2:

{¶ 29} THE PROBATE COURT ERRED IN DISMISSING [WIFE'S] APPLICATION TO PROBATE WILL AND SENDING THE CASE TO ARIZONA WHERE THE EVIDENCE ESTABLISHED THAT [DECEDENT] WAS DOMICILED IN WARREN COUNTY, OHIO AND OWNED PROPERTY IN WARREN COUNTY, OHIO WHEN HE DIED.

{¶ 30} In her second assignment of error, Wife argues the probate court committed reversible error when it found that Decedent was domiciled in Arizona and then transferred the case to Arizona for administration. We find merit to Wife's second assignment of error.

{¶ 31} Because the probate court is a court of limited jurisdiction, probate proceedings are restricted to those actions permitted by statute and by the Constitution. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 74 Ohio St.3d 19, 22 (1995). R.C. 2107.11, in the section titled "Jurisdiction to Probate," provides, in pertinent part:

> A will shall be admitted to probate:
>
> (1) In the county in this state in which the testator was domiciled at the time of the testator's death;
>
> (2) In any county of this state where any real property or personal property of the testator is located if, at the time of the testator's death, the testator was not domiciled in this state, and provided that the will has not previously been admitted to probate in this state or in the state of the testator's domicile;
>
> (3) In the county of this state in which a probate court rendered a judgment declaring that the will was valid and in which the will was filed with the probate court.

*State ex rel. Lee v. Trumbull Cty. Probate Court*, 83 Ohio St.3d 369, 372 (1998) (R.C.

- 8 -

2107.11 "addresses the jurisdiction of probate courts to probate a will").

{¶ 32} As we have previously noted, "[t]he Ohio Supreme Court has directed that we must give effect to every term in a statute and avoid a construction that would render any provision meaningless, inoperative, or superfluous." *State v. Stiles*, 12th Dist. Butler No. CA2011-01-003, 2011-Ohio-4173, ¶ 22. Accordingly, although a decedent's domicile is one way of ensuring that the will shall be probated in the county, it is not the only method. R.C. 2107.11(A)(2) provides jurisdiction "in any county of this state where personal property of the testator is located, despite the fact that she is not domiciled in this state, and provided that her will has not previously been admitted to probate in this state or in the state of her domicile." *Carlin v. Mambuca*, 96 Ohio App.3d 500, 504 (8th Dist.1994); *Thomas v. Taylor*, 1st Dist. Hamilton No. C-000624, 2001 WL 992086 (Aug. 31, 2001); *Gordon v. Holly Woods Acres, Inc.*, 328 F.2d 253 (6th Cir.1964).

{¶ 33} Based on our review, we find the probate court erred in transferring the case after concluding that Decedent was domiciled in Arizona. In the present case, the probate court found that Decedent was domiciled in Arizona. That finding meant that jurisdiction to probate Decedent's will would not have been proper under R.C. 2107.11(A)(1). However, the probate court may still have had jurisdiction to probate Decedent's will under R.C. 2107.11(A)(2) in any county of this state where Decedent's real or personal property is located, despite the fact that Decedent was not domiciled in this state, provided that Decedent's will has not previously been admitted to probate in this state or in the state of his domicile. *See Carlin* at 504. Nevertheless, the probate court failed make any findings of fact to determine if Decedent had "any real or personal property" located in Warren County and if jurisdiction was otherwise proper under R.C. 2107.11(A)(2).

{¶ 34} Although we find that the trial court erred in failing to determine whether it had jurisdiction under R.C. 2107.11, we note, in this situation, the trial court was not necessarily

required to proceed with the case while the action was also pending in Maricopa County, Arizona. "A court faced with the situation of a prior case pending in another state now has three options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can dismiss the case under the doctrine of forum non conveniens." *Walp v. Walp*, 3d Dist. Auglaize No. 2-05-10, 2005-Ohio-4181, ¶ 8.

{¶ 35} The doctrine of forum non conveniens permits a court to dismiss an action to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125 (1988). In determining whether dismissal on the basis of forum non conveniens is proper, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state. *Id.* at 126-127.

{¶ 36} Important private interests include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Chambers*, 35 Ohio St.3d at 126-127; *Travelers Cas. & Sur. Co. v. Cincinnati Gas & Elec. Co.*, 1st Dist. Hamilton No. C-050716, 2006-Ohio-5350, ¶ 8.

{¶ 37} Important public interests include: (1) the administrative difficulties and delay to other litigants caused by congested court calendars; (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation; (3) a local interest in having localized controversies decided at home; and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. *Chambers*, 35 Ohio St.3d at 127; *Travelers* at ¶ 9.

{¶ 38} The decision whether to grant a motion to dismiss on the basis of forum non conveniens rests with the trial court's discretion, the exercise of which an appellate court may reverse only upon a showing of an abuse of that discretion. *Chambers* at 127. "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*

{¶ 39} Here, the trial court dismissed the pending actions in Ohio based on the fact that Decedent was domiciled in Arizona at the time of his death and therefore the action pending in Arizona had "priority jurisdiction." Although forum non conveniens may properly be invoked by the trial court in an action where jurisdiction would otherwise be proper, we find the trial court did not make the required findings balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state.

{¶ 40} Accordingly, Wife's second assignment of error is well-taken and sustained. We remand this case to the probate court for a determination of whether jurisdiction is proper pursuant to R.C. 2107.11(A)(2) based on the presence of "real property or personal property." In so deciding, we decline to express any opinion as to whether jurisdiction is proper under R.C. 2107.11 or whether dismissal is otherwise appropriate, as those are matters best left to the discretion of the trial court.

{¶ 41} Assignment of Error No. 3:

{¶ 42} THE PROBATE COURT ERRED IN FAILING TO FIND THAT SHEILA WAS ESTOPPED FROM CONTESTING JURISDICTION.

{¶ 43} In her third assignment of error, Wife argues that Mother is estopped from contesting the probate court's jurisdiction because Mother allegedly stated that Decedent was domiciled in Warren County when providing information to the funeral home director. We find no merit to this argument.

{¶ 44} Equitable estoppel "prevent[s] one party from taking unfair advantage of

another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, with the result that the other person has been injured in some way." *Thompson v. McVey*, 12th Dist. Clinton No. CA2006-03-006, 2006-Ohio-7036, ¶ 14. The essential elements of equitable estoppel are (1) the nonrelying party made a factual misrepresentation, (2) that was misleading, (3) that induced actual reliance that was reasonable and in good faith, and (4) that caused detriment to the relying party. *Chase Manhattan Bank v. Parker*, 12th Dist. Butler No. CA2003-11-299, 2005-Ohio-1801, ¶ 20.

{¶ 45} Wife's argument centers on allegedly conflicting statements that Mother supplied to the funeral director regarding Decedent's residence at the time of his death. Wife argues that she relied on the fact that Mother indicated that Decedent resided in Warren County in the filing of these probate proceedings. We find Wife's argument is without merit. Mother is not prevented from contesting the probate court's jurisdiction to hear the case. Wife fails to allege, let alone prove, any sufficient basis for estoppel based on the present facts. The record reflects that Wife was well aware that Decedent had been residing in Arizona prior to his death and there is no evidence of Wife's good faith reliance on any allegedly erroneous statement made by Mother. Furthermore, any alleged misstatement surely would not prevent a court from hearing evidence and attempting to determine whether the court has jurisdiction to decide the proper location for administration of an estate. Accordingly, Wife's third assignment of error is overruled.

{¶ 46} Judgment affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

S. POWELL and PIPER, JJ., concur.