[Cite as *Calvary Industries, Inc. v. Coral Chem. Co.*, 2017-Ohio-7279.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CALVARY INDUSTRIES, INC., | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2016-12-233 |
| | : | O P I N I O N |
| - vs - | | 8/21/2017 |
| | : | |
| CORAL CHEMICAL COMPANY, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-02-0395


Burke Law Office, LLC, Travis E. Burke, Unit #1703, 1441 Ninth Avenue, San Diego, CA 92101, for plaintiff-appellant

Garvey Shearer Nordstrom, John J. Garvey III, 300 Buttermilk Pike, Suite 336, Ft. Mitchell, KY 41017, for defendant-appellee


**PIPER, J.**

{¶ 1} Plaintiff-appellant, Calvary Industries, Inc., appeals a decision of the Butler County Court of Common Pleas, granting a motion to dismiss in favor of defendant-appellee, Coral Chemical Company.

{¶ 2} Coral Chemical Company is a corporation with citizenship in Illinois. Coral employed Rashmi Patel, who is also a citizen of Illinois. After 24 years of employment, Coral

hired Patel as an independent contractor. The independent contractor agreement included a fixed termination date. When Patel and Coral could not reach an agreement to continue Patel's independent contractor status, their relationship terminated.

{¶ 3} Approximately a month later, Calvary, an Ohio Corporation, hired Patel as an independent contractor. Calvary instructed Patel that he was not to utilize, share, or communicate any confidential, proprietary, or trade secrets he learned while working with Coral.

{¶ 4} Coral later filed a complaint against Patel in a Lake County, Illinois, court alleging breach of the employment agreement and independent contractor agreement between itself and Patel ("Lake County Case"). Coral alleged that Patel breached the restrictive covenants prohibiting him from working for Coral's direct competitors, including Calvary.

{¶ 5} Within the Lake County Case complaint, Coral named Calvary as a respondent in discovery. This designation gave Coral the opportunity to conduct discovery to determine whether Calvary should be named a defendant in the case. After a year of disputed proceedings in which Calvary challenged the Illinois Court's personal jurisdiction over it, the Illinois Court dismissed Calvary from the Lake County Case for lack of personal jurisdiction.

{¶ 6} Prior to Calvary being dismissed from the Lake County Case, Calvary had initiated the current action for declaratory judgment against Coral in the Butler County Court of Common Pleas, seeking a declaration that (1) Calvary was legally permitted to employ Patel as an independent contractor; (2) Calvary did not commit any tortious conduct arising from, or in connection with, the employment of Patel as an independent contractor; (3) Calvary's employment of Coral's former employees did not violate noncompete and confidentiality agreements Coral had with its employees; (4) Calvary's conduct associated with Patel's employment did not cause any violation of the employment and independent

contractor agreements between Patel and Coral; and (5) Calvary had not received, benefited from, or utilized any of Coral's confidential, proprietary, or trade secret information.

{¶ 7} Coral filed a motion to dismiss or stay the proceedings, and argued that the issues raised in Calvary's declaratory judgment action were already pending before the Illinois Court through the Lake County Case. Calvary had not been dismissed from the Lake County Case as of this time. The trial court scheduled a conference with the parties on October 20, 2016. However, on October 19, 2016, the trial court canceled the status conference and granted Coral's motion to dismiss. Unbeknownst to the trial court, on September 12, 2016, Calvary had been dismissed from the Lake County Case. The trial court cited forum non conveniens as the reason for its dismissal.

{¶ 8} Calvary thereafter filed a motion to reinstate its declaratory judgment action wherein it explained that the Illinois court dismissed it from the Lake County Case for lack of personal jurisdiction. The trial court denied Calvary's motion to reinstate, stating that it found the motion "not in proper order."[1] Calvary now appeals the trial court's order, raising the following assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO STAY OR DISMISS.

{¶ 11} Calvary argues in its first assignment of error that the trial court erred by granting Coral's motion to dismiss the declaratory judgment action.

{¶ 12} A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations. *Travelers Indemn. Co. v. Cochrane*, 155 Ohio St. 305 (1951). Declaratory judgment actions may be filed for the

---

1. The trial court may have taken issue with the Illinois court's entry, as it was handwritten. However, the entry is file stamped by the clerk, and contains the trial court's signature.

purposes of deciding an actual controversy. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9. Declaratory judgment statutes are to be construed liberally. *Davidson v. Brate*, 44 Ohio App.2d 248 (12th Dist.1974).

{¶ 13} A trial court's decision regarding declaratory judgment actions is reviewed for an abuse of discretion. *Heasley.* An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted arbitrarily, unreasonably, or unconscionably. *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777.

{¶ 14} A declaratory action is proper if (1) the action is within the scope of the Declaratory Judgment Act, (2) a justiciable controversy exists between adverse parties, and (3) speedy relief is necessary to preserve rights that may otherwise be impaired or lost.[2] *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202 (1997). There are generally only two reasons for dismissing a complaint for declaratory judgment: (1) there is no real controversy or justiciable issue between the parties, and (2) the declaratory judgment will not terminate the uncertainty. *Burchwell v. Warren Cty.*, 12th Dist. Warren No. CA2013-09-079, 2014-Ohio-1892.

{¶ 15} The trial court never took into consideration whether the declaratory judgment was valid at its inception, and did not address the rules of law stated above regarding when declaratory judgment actions are proper or when they require dismissal. As such, we are unable to review its decision to determine whether dismissal was proper.

{¶ 16} The trial court did not address its reasons for granting the motion to dismiss, other than stating that the issues were better heard in the Illinois court according to the

---

2. The Declaratory Judgment Act allows any person whose rights, status, or other legal relations are affected by a contract to have determined any question of construction arising under such contract and obtain a declaration of rights, status, or other legal relations thereunder. R.C. 2721.03

doctrine of forum non conveniens. The doctrine of forum non conveniens permits a court to dismiss an action to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125 (1988).

{¶ 17} "A court faced with the situation of a prior case pending in another state now has three options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can dismiss the case under the doctrine of forum non conveniens." *In re Estate of Rush*, 12th Dist. Warren No. CA2013-10-103, 2014-Ohio-3293, ¶ 34.

{¶ 18} In determining whether dismissal on the basis of forum non conveniens is proper, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state. *Chambers*, 35 Ohio St.3d at 126-127. Important private interests include (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, if appropriate, and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* Important public interests include (1) the administrative difficulties and delay to other litigants caused by congested court calendars, (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation, (3) a local interest in having localized controversies decided at home, and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. *Id.* at 27.

{¶ 19} The decision whether to grant a motion to dismiss on the basis of forum non conveniens rests with the trial court's discretion, the exercise of which an appellate court may

reverse only upon a showing of an abuse of that discretion. *Id.*

{¶ 20} The trial court did not address the doctrine of forum non conveniens specific to weighing the balancing factors and the options available while a case was pending in another court. Further complicating the matter and requiring the need for a full analysis is the fact that there is currently no pending court case in which Calvary is a party. Thus, we are unable to review the trial court's reasoning given there is no discussion of the balancing factors relevant to the doctrine of forum non conveniens, nor any explanation how forum non conveniens applies to the current case.

{¶ 21} Although some of the factors *may* weigh in favor of having the matter heard in Illinois, such as judicial economy, the trial court did not engage in any analysis regarding these factors.[3] However, our role as an appellate court is to review the trial court's decision for an abuse of discretion. We are unable to do so absent findings and analysis by the trial court. We must, therefore, reverse the trial court's decision and remand. The trial court shall offer an analysis of Calvary's request for declaratory judgment, including whether such is appropriate and whether dismissal for forum non conveniens reasons is appropriate given the dismissal of Calvary from the Lake County Case. Calvary's first assignment of error is sustained.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO REINSTATE [THE] CASE.

{¶ 24} Calvary argues in its second assignment of error that the trial court erred by not granting its motion to reinstate its declaratory judgment action. Calvary's second

---

3. It may also be necessary for the trial court to address personal jurisdiction issues related to Coral, including whether jurisdiction and venue are proper in the Butler County Court of Common Pleas. However, this court makes no decisions or findings regarding the issues or merits of Calvary's request for declaratory judgment.

assignment of error is rendered moot given our determination that the trial court's decision must be reversed and remanded.

{¶ 25} Judgment reversed, and the cause is hereby remanded so that the trial court may issue a decision that addresses whether Calvary's declaratory action can proceed, or must be dismissed, and what effect, if any, Calvary's dismissal from the Lake County Case has on the application of forum non conveniens.

S. POWELL, P.J., and M. POWELL, J., concur.