[Cite as *Calvary Industries, Inc. v. Coral Chem. Co.*, 2019-Ohio-1288.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CALVARY INDUSTRIES, INC., | : | |
| Appellant, | : | CASE NO. CA2018-07-134 |
| | : | O P I N I O N |
| - vs - | | 4/8/2019 |
| | : | |
| CORAL CHEMICAL COMPANY, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-02-0395

Burke Law Office, LLC, Travis E. Burke, 12261 Gaines Way, Walton, Kentucky 41094, for appellant

Garvey Shearer Nordstrom, John J. Garvey III, 2400 Chamber Center Drive, Suite 210, Fort Mitchell, Kentucky 41017, for appellee

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, Calvary Industries, Inc., appeals a decision of the Butler County Court of Common Pleas granting a motion to dismiss in favor of appellee, Coral Chemical Company.  For the reasons set forth below, we affirm the trial court's decision.

{¶ 2}  The facts pertinent to the present appeal were previously set forth in *Calvary Industries v. Coral Chem. Co.*, 12th Dist. Butler No. CA2016-12-233, 2017-Ohio-7279, ¶ 2-8, and are as follows:

Coral Chemical Company is a corporation with citizenship in Illinois. Coral employed Rashmi Patel, who is also a citizen of Illinois. After 24 years of employment, Coral hired Patel as an independent contractor. The independent contractor agreement included a fixed termination date. When Patel and Coral could not reach an agreement to continue Patel's independent contractor status, their relationship terminated.

Approximately a month later, Calvary, an Ohio Corporation, hired Patel as an independent contractor. Calvary instructed Patel that he was not to utilize, share, or communicate any confidential, proprietary, or trade secrets he learned while working with Coral.

Coral later filed a complaint against Patel in a Lake County, Illinois, court alleging breach of the employment agreement and independent contractor agreement between itself and Patel ("Lake County Case"). Coral alleged that Patel breached the restrictive covenants prohibiting him from working for Coral's direct competitors, including Calvary.

Within the Lake County Case complaint, Coral named Calvary as a respondent in discovery. This designation gave Coral the opportunity to conduct discovery to determine whether Calvary should be named a defendant in the case. After a year of disputed proceedings in which Calvary challenged the Illinois Court's personal jurisdiction over it, the Illinois Court dismissed Calvary from the Lake County Case for lack of personal jurisdiction.

Prior to Calvary being dismissed from the Lake County Case, Calvary had initiated the current action for declaratory judgment against Coral in the Butler County Court of Common Pleas, seeking a declaration that (1) Calvary was legally permitted to employ Patel as an independent contractor; (2) Calvary did not commit any tortious conduct arising from, or in connection with, the employment of Patel as an independent contractor; (3) Calvary's employment of Coral's former employees did not violate noncompete and confidentiality agreements Coral had with its employees; (4) Calvary's conduct associated with Patel's employment did not cause any violation of the employment and independent contractor agreements between Patel and Coral; and (5) Calvary had not received, benefited from, or utilized any of Coral's confidential, proprietary, or trade secret information.

Coral filed a motion to dismiss or stay the proceedings, and argued that the issues raised in Calvary's declaratory judgment action were already pending before the Illinois Court through the Lake County Case. Calvary had not been dismissed from the Lake County Case as of this time. The trial court scheduled a

conference with the parties on October 20, 2016. However, on October 19, 2016, the trial court canceled the status conference and granted Coral's motion to dismiss. Unbeknownst to the trial court, on September 12, 2016, Calvary had been dismissed from the Lake County Case. The trial court cited forum non conveniens as the reason for its dismissal.

Calvary thereafter filed a motion to reinstate the declaratory judgment action wherein it explained that the Illinois court dismissed it from the Lake County Case for lack of personal jurisdiction. The trial court denied Calvary's motion to reinstate, stating that it found the motion "not in proper order." Calvary * * * appeal[ed] the trial court's order * * *.

{¶ 3} On appeal, we reversed the trial court's decision granting Coral's motion to dismiss, noting that the trial court "never took into consideration whether the declaratory judgment [action] was valid at its inception and did not address the rules of law * * * regarding when declaratory judgment actions are proper or when they require dismissal." *Id.* at ¶ 15. We further found that we were unable to review the trial court's decision to dismiss the action on the basis of forum non conveniens as the trial court had failed to "address the doctrine * * * specific to weighing the balancing factors and the options available while a case was pending in another court." *Id.* at ¶ 20. We therefore reversed the trial courts' decision and remanded the case with instructions for the trial court to "offer an analysis of Calvary's request for declaratory judgment, including whether such is appropriate and whether dismissal for forum non conveniens reasons is appropriate given the dismissal of Calvary from the Lake County Case." *Id.* at ¶ 21 and 25.

{¶ 4} After the matter was remanded, Coral filed a renewed motion to dismiss or stay proceedings, arguing the declaratory judgment action was not valid as Calvary failed to name Patel as a necessary and indispensable party in the action and there was not a justiciable issue or actual controversy between the parties. Coral further argued dismissal of the action pursuant to forum non conveniens was proper. Calvary filed a memorandum in opposition to the renewed motion. In their respective filings, the parties notified the trial court that Coral

had been permitted to file an amended complaint in the Lake County Case to name Calvary as a party to the action.[1] Calvary had filed a motion disputing the Illinois court's jurisdiction over it, and that motion remained pending at the time the trial court considered the merits of Coral's renewed motion to dismiss or stay proceedings in the Ohio action.

{¶ 5} On June 25, 2018, the trial court entered a decision dismissing Calvary's declaratory judgment action without prejudice. The trial court found there was no justiciable issue before it as Calvary was improperly seeking to have the court render an advisory opinion as to whether it could, in the future, hire former employees of Coral. The court further noted that "Patel is no longer employed by [Calvary], no action is pending against [Calvary] in Ohio for any improper actions with regard to its employ of Patel, and * * * [Calvary is] seek[ing] to have th[e] Court * * * make declarations regarding an Illinois contract to which [Calvary] is not even a party." The court then found that even if a justiciable issue did exist, dismissal of the action pursuant to forum non conveniens was proper. In reaching this determination, the court considered the facts of the case and balanced the private interests of the litigants and the public interests of the courts and citizens of the forum states.

{¶ 6} Calvary appealed the trial court's dismissal of its complaint, raising two assignments of error for our consideration.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT ON THE BASIS OF NON-COMPLIANCE WITH THE DECLARATORY JUDGMENT ACT.

{¶ 9} In its first assignment of error, Calvary argues the trial court erred in dismissing its complaint as the complaint set forth a justiciable controversy and complied with the

---

1. From the parties' representations and the record, it appears that Coral's second amended complaint naming Calvary as a party in the Lake County Case was dismissed by that court. Coral was given leave to refile a third amended complaint naming Calvary as a party to the action. The third amended complaint remained before the Lake County Court at the time the Ohio court decided Coral's renewed motion to stay or dismiss the declaratory judgment action.

- 4 -

Declaratory Judgment Act.

{¶ 10} "A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 8, citing *Travelers Indemn. Co. v. Cochrane*, 155 Ohio St. 305, 312 (1951). In R.C. Chapter 2721, the General Assembly provided that any person interested under a written contract, or other writing constituting a contract, may bring a declaratory judgment action to have a court determine any question of construction or rights arising under the contract, "either before or after there has been a breach of the contract." *Waldman v. Pitcher*, 1st Dist. Hamilton Nos. C-150462 and C-150501, 2016-Ohio-5909, ¶ 19, citing R.C. 2721.03 and 2721.04.

{¶ 11} The Declaratory Judgment Act does not authorize a court to render an advisory opinion. Rather, a declaratory-judgment action may be filed only for the purpose of deciding an "actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Mid-American* at ¶ 9. A declaratory judgment action is proper if "(1) the action is within the scope of the Declaratory Judgment Act, (2) a justiciable controversy exists between adverse parties, and (3) speedy relief is necessary to preserve rights that may otherwise be impaired or lost." *Calvary*, 2017-Ohio-7279 at ¶ 14, citing *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202 (1997). Generally, there are only two reasons for dismissing a complaint for declaratory judgment: "(1) there is no real controversy or justiciable issue between the parties, and (2) the declaratory judgment will not terminate the uncertainty." *Burchwell v. Warren Cty.*, 12th Dist. Warren No. CA2013-09-079, 2014-Ohio-1892, ¶ 9.

{¶ 12} An appellate court reviews the dismissal of a declaratory judgment action on the basis of justiciability under an abuse-of-discretion standard of review. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13. *See also Mid-American*, 2007-Ohio-1248 at

paragraph two of the syllabus. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted arbitrarily, unreasonably, or unconscionably. *Lauver v. Ohio Valley Selective Harvesting, LLC*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, ¶ 16.

{¶ 13} After a review of the record, we find that the trial court did not abuse its discretion in granting Coral's motion to dismiss. Contrary to Calvary's arguments, Calvary's complaint sought an advisory opinion as to whether its employment of Coral's "former employees * * * violate[s] the non-compete and confidentiality agreements [Coral] has with its employees." With the exception of Patel, these "former employees" and the contract provisions allegedly at issue were not identified in the complaint. There is no indication that a real controversy exists with respect to these unidentified former employees and their unspecified contract provisions.

{¶ 14} As for Calvary's remaining declaratory judgment claims that it had the right to employ Patel, that there was no tortious conduct arising from its employment of Patel, that its conduct in employing Patel did not violate the employment and independent contractor agreements between Patel and Coral, and that Calvary had not received, benefited from, or utilized Coral's confidential, proprietary, or trade secret information, we find that the trial court did not abuse its discretion in granting Coral's motion to dismiss. Calvary's complaint does not set forth allegations indicating that speedy relief is necessary to preserve rights that may otherwise be impaired or lost.

{¶ 15} Furthermore, as this court has previously recognized, a declaratory judgment action is not appropriate where "'a resolution of the controversy depends greatly upon a determination of the facts of the case.'" *Keegan v. Sneed*, 12th Dist. Butler No. CA2000-02-029, 2000 Ohio App. LEXIS 4807, *8 (Oct. 16, 2000), quoting *Therapy Partners of America v. Health Providers, Inc.*, 129 Ohio App.3d 572, 578 (10th Dist.1998). This is especially true

when the same facts are at issue in a pending action in another jurisdiction. *Therapy Partners of America* at 578-579. "Resolution of disputed facts in a declaratory judgment action is particularly inappropriate where the disputed facts are at issue in a pending action." *Peat Marwick Main & Co. v. Elliot*, 10th Dist. Franklin No. 90AP-921, 1991 Ohio App. LEXIS 101, *7 (Jan. 10, 1991), citing *Videtto v. Marsh*, 112 Ohio App. 151, 153 (3d Dist.1960). Accordingly, as the factual questions that Calvary sought to have decided in its complaint for declaratory judgment are pending in an action between the same parties in the Lake County Case, we find that the trial court did not abuse its discretion in granting Coral's motion to dismiss. *See Walther v. Walther*, 102 Ohio App.3d 378, 381 (1st Dist.1995). Calvary's first assignment of error is, therefore, overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S COMPLAINT ON THE BASIS OF FORUM NON CONVENIENS.

{¶ 18} In its second assignment of error, Calvary contends the trial court erred when it dismissed its complaint on the basis of forum non conveniens. We disagree and find that the doctrine of forum non conveniens was also an appropriate basis for dismissal of Calvary's complaint.

{¶ 19} "'A court faced with the situation of a prior case pending in another state now has three options: (1) it can grant a stay in the Ohio proceedings pending the resolution of the earlier action outside of Ohio, (2) it can go forward with the action in Ohio, or (3) it can dismiss the case under the doctrine of forum non conveniens.'" *In re Estate of Rush*, 12th Dist. Warren No. CA2013-10-103, 2014-Ohio-3293, ¶ 34, quoting *Walp v. Walp*, 3d Dist. Auglaize No. 2-05-10, 2005-Ohio-4181, ¶ 11. Under the doctrine of forum non conveniens, a court is permitted to dismiss an action to "further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court

chosen by the plaintiff." *Calvary*, 2017-Ohio-7279 at ¶ 16, citing *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125 (1988).

{¶ 20} "In determining whether dismissal on the basis of forum non conveniens is proper, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state." *Estate of Rush* at ¶ 35, citing *Chambers* at 126-127. Important private interests include (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of unwilling witnesses, (4) the possibility of a view of the premises, if appropriate, and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at ¶ 36. Important public interests include (1) the administrative difficulties and delay to other litigants caused by congested court calendars, (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation, (3) a local interest in having localized controversies decided at home, and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. *Id.* at ¶ 37.

{¶ 21} "The decision whether to grant a motion to dismiss on the basis of forum non conveniens rests with the trial court's discretion, the exercise of which an appellate court may reverse only upon a showing of an abuse of discretion." *Calvary* at ¶ 19. "[W]here the [trial] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Chambers* at 127.

{¶ 22} Calvary argues the trial court erred in dismissing its complaint on the basis of forum non conveniens as the trial court "did not balance all of the forum non conveniens factors" and did not give proper consideration to events that had occurred in the Illinois case, mainly that Calvary had, at one point in time, been dismissed for lack of personal jurisdiction.

We find no merit to Calvary's arguments. Contrary to Calvary's assertions, the trial court considered and balanced the relevant public and private interest factors. The trial court noted it was being asked to "determine [Calvary's] rights under an Illinois contract * * * to which it [was] not a party, and where at least one of the parties [would] always be a corporate resident of Illinois." The court further noted that Calvary was asking the court to determine whether Patel, an Illinois citizen who was not made a party to the Ohio action, conveyed proprietary information belonging to an Illinois company to his new employer, Calvary. As the trial court discussed, determination of the issues raised by Calvary's complaint – which mirrored those issues raised by Coral in the Lake County Case – would likely require witnesses who reside in Illinois, and may have no ties to Ohio, to be hauled into Ohio. Furthermore, as alluded to by the trial court, resolution of the contractual issues between Coral and Patel would involve application of Illinois law.

{¶ 23} Furthermore, with respect to the fact that the Illinois court had, at one point in time, dismissed Calvary from the Lake County Case due to a lack of personal jurisdiction, we note that at the time of our remand and the trial court's determination of the merits of the renewed motion to dismiss or stay proceedings, Coral had been given leave to file an amended complaint in the Lake County Case. The amended complaint filed in the Lake County Case once again named Calvary as a defendant and, by Calvary's own admission, involved "identical issues" to those in the Ohio action. Illinois, therefore, remained a valid forum where the disputed legal issues between the parties could be resolved.[2]

{¶ 24} Accordingly, as the trial court complied with our instructions on remand, properly considered the important public and private interest factors, and

_____

2. Calvary repeatedly argues in its brief that the Illinois court lacks personal jurisdiction over it. Its arguments regarding jurisdiction are pending in the Lake County Court and this court will not speculate as to how the Illinois court will resolve Calvary's jurisdictional arguments.

reasonably balanced said factors in determining that dismissal of the Ohio action was appropriate, we find no error in the trial court's decision to dismiss Calvary's complaint on the basis of forum non conveniens. Calvary's second assignment of error is, therefore, overruled.

{¶ 25} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.