[Cite as *Epperson v. Covington Madison Corp.*, 2021-Ohio-4359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CLAYTON EPPERSON, et al., | : | CASE NO. CA2021-06-057 |
| Appellants, | : | O P I N I O N<br>12/13/2021 |
| | : | |
| - vs - | : | |
| | : | |
| THE COVINGTON MADISON CORP., | : | |
| Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21 CV 093964

Kidd & Urling, LLC, and James P. Urling and Thomas Condit, for appellants.

Keating, Muething & Klekamp PLL, and Brian P. Muething, Collin L. Ryan, and Carson E. Miller, for appellee.

**M. POWELL, J.**

{¶ 1} Appellants, Clayton Epperson and his wife Emily Epperson, and Emily's parents, John Peltz and Judith Condit, appeal a decision of the Warren County Court of Common Pleas dismissing their complaint against appellee, The Covington Madison Corp. dba The Madison Event Center ("The Madison"), pursuant to the doctrine of forum non conveniens.

{¶ 2} Clayton and Emily Epperson are residents of Warren County, Ohio; John Peltz and Judith Condit are residents of Hamilton County, Ohio. The Madison is a Kentucky corporation that hosts banquets, wedding receptions, and other private events at a facility in Covington, Kentucky. In 2018, appellants contracted with The Madison to host a wedding ceremony and reception at its facility on May 22, 2020. Due to the COVID-19 pandemic, the parties later amended their contract and rescheduled the ceremony and reception for September 26, 2020.

{¶ 3} During the pertinent time period, the governor of Kentucky issued several COVID-19 regulations that significantly impacted the operation of Kentucky businesses, including those hosting wedding events. Among those regulations was a June 29, 2020 "Healthy at Work" regulation that restricted wedding venues to "50% of the maximum permitted occupancy capacity." Believing that this and subsequent regulations would prevent The Madison from accommodating the number of guests anticipated for the wedding reception, appellants sought to cancel their reservation of The Madison's facility and obtain a refund of what they had paid The Madison. The Madison maintained that it could host appellants' wedding reception in compliance with the applicable Kentucky COVID-19 regulations and refused to refund appellants.

{¶ 4} On January 29, 2021, appellants filed a complaint against The Madison in the Warren County Court of Common Pleas, seeking a declaratory judgment and money damages for breach of contract, unjust enrichment, and conversion. The Madison answered and then moved to dismiss the complaint on the basis of forum non conveniens, asserting that Kenton County, Kentucky was a more appropriate forum. On May 24, 2021, the trial court granted the motion to dismiss.

{¶ 5} Appellants now appeal, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION TO

- 2 -

DISMISS THIS ACTION ON GROUNDS OF *FORUM NON CONVENIENS*.

{¶ 7}   Appellants argue that the trial court erred when it dismissed their complaint on the basis of forum non conveniens.

{¶ 8}   "The doctrine of forum non conveniens permits a court to dismiss an action to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff." *Calvary Industries, Inc. v. Coral Chem. Co.*, 12th Dist. Butler No. CA2016-12-233, 2017-Ohio-7279, ¶ 16, citing *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 125 (1988).   A plaintiff's choice of forum should rarely be disturbed, particularly when the plaintiff has chosen his or her home forum.  *Chambers* at 127.

{¶ 9}   "In determining whether dismissal on the basis of forum non conveniens is proper, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state." *Cavalry* at ¶ 18, citing *Chambers* at 126-127.   Important private interests include (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of unwilling witnesses, (4) the possibility of a view of the premises, if appropriate, and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Chambers* at 126-127.  Important public interests include (1) the administrative difficulties and delay to other litigants caused by congested court calendars, (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation, (3) a local interest in having localized controversies decided at home, and (4) the appropriateness of litigating a case in a forum familiar with the applicable law.  *Id.* at 127.  All  relevant criteria are to be applied flexibly, with each case turning on its own facts.  *Id.* at 126.

{¶ 10}   "The decision whether to grant a motion to dismiss on the basis of forum non

conveniens rests with the trial court's discretion, the exercise of which an appellate court may reverse only upon a showing of an abuse of discretion." *Calvary*, 2017-Ohio-7279 at ¶ 19. "[W]here the [trial] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Chambers*, 35 Ohio St.3d at 127. "An appellate court may not conduct a de novo review of the public and private factors considered by the trial court, but rather must limit its review to a determination of whether the trial court's balancing of the relevant factors was clearly arbitrary or unreasonable." *Omans v. Norfolk S. Ry.*, 165 Ohio App.3d 146, 2006-Ohio-325, ¶ 10 (6th Dist.); *Cincinnati Ins. Co. v. Allstate Property & Cas. Ins. Co.*, 12th Dist. Butler No. CA2009-01-017, 2009-Ohio-3540, ¶ 16 (an appellate court will not independently assess and reweigh each private and public interest factor considered by the trial court).

{¶ 11} The trial court granted The Madison's motion to dismiss appellants' complaint on the basis of forum non conveniens, finding that

> All of the sources of proof are located in Kentucky, as well as all of the witnesses, and the event center itself. If a view of the event center were appropriate, the Court would have to contemplate taking jurors to Kentucky. Moreover, the public interest factors implicated in this action are the fact that the people of the Commonwealth of Kentucky have an interest in how Kentucky Governor Andy B[e]shear's COVID-19 regulations are interpreted, not the citizens of Warren County, Ohio.

> The regulations sought to be litigated in this case are specific to Kentucky. Plaintiffs may not have selected Kenton County, Kentucky as their preferred choice of forum for litigation, but it was their location of choice for their wedding. All the discovery documents, witnesses, and the facility itself are located in Kentucky. The only connection with Warren County, Ohio is that two of the four Plaintiffs reside in Warren County and the contract was alleged to have been partially signed in Warren County. * * * [T]he legal issues in this case are firmly rooted in Kentucky.

{¶ 12} Appellants argue the trial court arbitrarily dismissed their complaint "without any evidence" that the *Chambers* factors favored The Madison. Appellants further assert that the trial court did not properly consider the fact that appellants live in or near Warren County, Ohio, that the residence of other potential witnesses is unknown, that the contract was signed in Ohio, that the essential evidence is primarily documentary, and that the state of Ohio has an interest in resolving suits brought by one of its residents and has a substantial interest in seeing that its residents get the benefit of their bargains. We find no merits to appellants' arguments.

{¶ 13} Appellants' arguments amount to nothing more than an assertion the trial court should have weighed the *Chambers* factors differently. However, we do not review the issue de novo. Rather, we only determine whether the trial court's balancing of the relevant factors was clearly arbitrary or unreasonable. *Lee v. Burnett*, 10th Dist. Franklin No. 07AP-40, 2007-Ohio-3742, ¶ 12. Contrary to appellants' assertion, the trial court considered the relevant public and private interest factors and reasonably balanced those factors. The central claim in appellants' complaint was that Kentucky's COVID-19 regulations prevented The Madison from hosting the wedding reception in 2020. Besides the location of the facility in Kenton County, Kentucky, the trial court determined that the case turns upon the application and interpretation of Kentucky's COVID-19 regulations. Kentucky's COVID-19 regulations bear little relation to Ohio interests. A decision of an Ohio court interpreting Kentucky's COVID-19 regulations would have no binding effect anywhere in Kentucky beyond the parties to this lawsuit. As the trial court aptly stated, "the legal issues in this case are firmly rooted in Kentucky." Given Kentucky's greater interest in this matter, the trial court's decision granting The Madison's motion to dismiss is not unreasonable, arbitrary, or unconscionable and does not reflect "perversity of will, passion, prejudice, partiality, or moral delinquency." *Chambers*, 35 Ohio St.3d at 133.

{¶ 14} We therefore find that the trial court did not abuse its discretion in dismissing appellants' complaint on the basis of forum non conveniens.  Appellants' assignment of error is overruled.

{¶ 15} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.